**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NOS. A-0114-17T3
                 A-0115-17T3
                 A-0239-17T3

FIRST INDEMNITY OF AMERICA
INSURANCE COMPANY,

       Plaintiff-Respondent,

v.

BLUE ROSE CORPORATION,
MOHAMMAD R. ZAIDI, JENNIFER
MILLER, and SHAHID ZAIDI,

       Defendants,

and

ZAIDI HOMES, INC., WAQAR ZAIDI,
and ARMINA ZAIDI,

       Defendants-Appellants.

_____

FIRST INDEMNITY OF AMERICA
INSURANCE COMPANY,

       Plaintiff-Respondent,

v.

BLUE ROSE CORPORATION,

      Defendant-Appellant,

and

ZAIDI HOMES, INC., MOHAMMAD
R. ZAIDI, JENNIFER MILLER, WAQAR
ZAIDI, ARMINA ZAIDI, and SHAHID
ZAIDI,

      Defendants-Respondents.

---

FIRST INDEMNITY OF AMERICA
INSURANCE COMPANY,

      Plaintiff-Respondent,

v.

BLUE ROSE CORPORATION,
ZAIDI HOMES, INC., WAQAR ZAIDI,
and ARMINA ZAIDI,

      Defendants-Respondents,

and

MOHAMMAD R. ZAIDI, JENNIFER
MILLER, and SHAHID ZAIDI,

      Defendants-Appellants.

---

Argued October 17, 2018 – Decided December 11, 2018

Before Judges Ostrer, Currier, and Mayer.

On appeal from Superior Court of New Jersey, Law Division, Morris County, Docket No. L-2568-13.

Christian P. Fleming argued the cause for appellants Zaidi Homes, Inc., Waqar Zaidi, and Armina Zaidi in A-0114-17 and respondents in A-0239-17 (Jabin & Fleming, LLC, attorneys; Christian P. Fleming, of counsel and on the brief).

Joseph D. DiGuglielmo argued the cause for appellant Blue Rose Corporation in A-0115-17 and respondent A-0239-17 (Schafkopf Law, LLC, attorneys; Joseph D. DiGuglielmo, of counsel and on the brief).

Emery J. Mishky argued the cause for appellants Mohammad R. Zaidi, Jennifer Miller, and Shahid Zaidi in A-0239-17 and respondents in A-0115-17 (Margolis Edelstein, attorneys; Emery J. Mishky, of counsel; Victoria J. Adornetto, on the brief).

Paul A. Alongi argued the cause for respondent First Indemnity of America Insurance Company (Alongi & Associates, LLC, attorneys; Paul A. Alongi, on the brief).

PER CURIAM

In these three related appeals, we consider whether an indemnity agreement (agreement) entered into between the parties was enforceable, therefore obligating defendants' performance under the agreement. After a review of the contentions in light of the record and applicable principles of law, we affirm.

3

Plaintiff, First Indemnity of America Insurance Company, instituted suit against defendants Blue Rose Corporation, Zaidi Homes, Inc., Mohammad R. Zaidi, Jennifer Miller, Waqar Zaidi, Armina Zaidi, and Shahid Zaidi[1] seeking to enforce an indemnity agreement and to recover amounts due under both the agreement and a number of bonds issued to defendants. The bonds guaranteed performance and down payments for various real estate development and land sale deals between defendants and numerous third parties.

Plaintiff required the execution of an indemnity agreement prior to the issuance of any bonds. Defendants, Blue Rose and Zaidi Homes, as contractors, and individual defendants, Mohammad, Jennifer, Waqar, Armina and Shahid[2] as indemnitors (indemnitors), agreed to indemnify plaintiff, as the surety on the bonds, for "any and all liability for losses and/or expenses of whatsoever kind or nature . . . and from and against any and all such losses and/or expenses which the Surety may sustain and incur."

---

[1]  We refer to all defendants collectively as "defendants." We also refer to individual defendants by their first names for clarity and the ease of the reader as several bear the same surname.

[2]  Mohammad and Jennifer are married. Waqar and Armina are also married. Mohammad and Shahid are brothers, and Waqar is their cousin.

A-0114-17T3

Defendants denied liability under the bonds, raising numerous arguments including: the statute of limitations tolled on the performance bonds prior to plaintiff asserting its claim, the down payment bonds[3] were issued without defendants' consent, and the agreement was ambiguous and a contract of adhesion.

After an eleven-day bench trial, Judge Maryann L. Nergaard issued a comprehensive fifty-three page written decision and accompanying order, rejecting defendants' arguments and finding defendants jointly and severally liable to plaintiff under the performance bond and ten of the down payment bonds. Judge Nergaard found: (1) the statute of limitations did not bar plaintiff's claims; (2) the agreement was not a contract of adhesion; (3) the agreement was not ambiguous; and (4) the entire controversy doctrine did not bar the suit. Defendants were ordered to pay $2,228,677.75 in damages.

On appeal, defendants renew the arguments asserted before the trial court. In our review of those arguments, we are mindful that "[f]inal determinations made by the trial court sitting in a non-jury case are subject to a limited and

---

[3] Plaintiff issued eleven down payment bonds to secure deposits made by eleven prospective property purchasers. When defendants failed to transfer title on all of these properties, the contracts were cancelled and claims were asserted against the bonds. Plaintiff resolved all of the claims and seeks indemnity of its losses and expenses.

5

well-established scope of review." Seidman v. Clifton Sav. Bank, S.L.A., 205 N.J. 150, 169 (2011). "[W]e do not disturb the factual findings and legal conclusions of the trial judge unless we are convinced that they are so manifestly unsupported by or inconsistent with the competent, relevant and reasonably credible evidence as to offend the interests of justice." In re Forfeiture of Pers. Weapons & Firearms Identification Card Belonging to F.M., 225 N.J. 487, 506 (2016) (quoting Rova Farms Resort, Inc. v. Inv'rs Ins. Co. of Am., 65 N.J. 474, 484 (1974)). The court's findings of fact are "binding on appeal when supported by adequate, substantial, credible evidence." Cesare v. Cesare, 154 N.J. 394, 411-12 (1998). In contrast, a trial judge's "interpretation of the law and the legal consequences that flow from established facts are not entitled to any special deference." Manalapan Realty, LP v. Twp. Comm. of Manalapan, 140 N.J. 366, 378 (1995).

We begin by addressing the statute of limitations argument asserted by Blue Rose. The agreement and performance bond were signed in November 2000. In 2001, Blue Rose, Jennifer, Shahid and Mohammed (the Blue Rose defendants) decided to develop certain subdivision plots in West Windsor Township. Subsequently, they entered into a land development performance guarantee agreement (LDPGA) with the Township, which required the Blue

A-0114-17T3

Rose defendants to obtain a guarantee of either a performance bond or cash. Plaintiff issued the required performance bond, listing the Blue Rose defendants as principals and the Township as obligee.

The LDPGA required the Blue Rose defendants to make improvements to the property within two years of the LDPGA's execution. After two years, the LDPGA provided the performance bond would "automatically extend[] for an additional period of one (1) year from the original expiration date and from the expiration date established by virtue of the automatic extension required hereby." The LDPGA gave the Township the right to draw against the bond in the event of Blue Rose's default.

That default occurred when Blue Rose failed to install the required improvements under the LDPGA, and the Township subsequently filed a claim with plaintiff against the bond in 2010. Plaintiff seeks indemnity from the Blue Rose defendants for the costs it incurred in performing the required subdivision improvements.

Blue Rose contends the claim was untimely as the statute of limitations expired in 2003, two years after the deadline to perform the site improvements and the one-year extension under the LDPGA. We disagree.

A-0114-17T3

Plaintiff was not a party to the LDPGA, which was executed after the indemnity agreement, rendering it meaningless to the parties' responsibilities under the agreement. Plaintiff and the Blue Rose defendants named on the performance bond are bound by the bond's terms, not the LDPGA. Plaintiff issued a bond to ensure the costs of improvements. The bond has no expiration date as its purpose is to ensure the improvements are completed to the satisfaction of the municipality. Therefore, the bond remains in effect until the required site improvements are completed. See N.J.S.A. 40:55D-53(d) and (e) (noting the developer may obtain a full or partial release of the bond upon completion of the improvements). In addition, under the indemnity agreement, defendants waived any statute of limitations defense.

All of the indemnitors assert the trial judge erred in enforcing the indemnity agreement. The testimony at the bench trial confirms the indemnitors did not dispute signing the agreement, although many stated they did not recall doing so. In addition, Mohammad signed as president of Blue Rose and Waqar executed the agreement as president of Zaidi Homes. Several indemnitors conceded they did not read the agreement before signing it and others professed ignorance to which project it pertained.

8

We reject those proffered defenses as it is well-established that a party who signs a contract is presumed to have read the contract and assented to its terms. The failure to read an agreement is not a defense to its enforcement. Peter W. Kero, Inc. v. Terminal Const. Corp., 6 N.J. 361, 368 (1951).

In her decision, Judge Nergaard addressed defendants' assertions, stating:

> the Individual Defendants' failure to read and/or understand the implications of the Indemnity Agreement, as well as the rest of their testimony is not credible. . . . each of the Individual Defendants' lack of recollection of the signing of the Indemnity Agreement is also not credible. . . . For the court to believe the Individual Defendants' testimony and that of Intesar, it would have to conclude that the witness and notary improperly signed without the Individual Defendants' knowledge, after the fact. . . . Intesar's testimony was contradictory and not credible throughout the trial, and the Individual Defendants' testimony was so vague as to appear to be calculated to avoid direct responses.

As we defer to the trial court's determination of a witness's credibility and demeanor, we are satisfied the trial judge supported her finding that the indemnification agreement was a valid and binding contract with the substantial credible evidence in the record. See Riley v. Keenan, 406 N.J. Super. 281, 301-02 (App. Div. 2009).

9

In addition to the above arguments, Mohammad, Jennifer and Shahid assert the indemnity agreement was a contract of adhesion because the document was not negotiated. We are unpersuaded by this contention.

A contract of adhesion is "presented on a take-it-or-leave-it basis, commonly in a standardized printed form, without opportunity for the adhering party to negotiate except perhaps on a few particulars." Rudbart v. N. Jersey Dist. Water Supply Comm'n, 127 N.J. 344, 353 (1992). However, a finding that a particular contract is a contract of adhesion does not render the contract automatically void unless the trial court determines the "unilaterally-fixed terms" should be unenforceable "as a matter of policy." Id. at 354.

Our inquiry, however, does not stop there. We also look to "the subject matter of the contract, the parties' relative bargaining positions, the degree of economic compulsion motivating the adhering party, and the public interests affected by the contract." Id. at 356. Defendants do not address any of these criteria other than contending the agreement consisted of boilerplate language and the terms were not negotiated.

Defendants retained an insurance broker to procure the bonds needed for their land development and sales deals. They did not produce any evidence that they were unable to obtain bonds from a company other than plaintiff.

A-0114-17T3

Defendants also could have provided a cash deposit to the Township and potential homebuyers as collateral for their performance, but chose instead to contract with plaintiff to obtain bonds. The public interests at issue here also weigh against defendants. Sureties guarantee the performance of contractors and the contractual obligations of bond principals. We find insufficient reason to invalidate the agreement as a contract of adhesion, and therefore it is enforceable.

Waqar, Armina and Zaidi Homes (Zaidi defendants) assert the arguments raised by the other defendants, and argue in addition that they are not liable under the indemnity agreement because its plain language only binds those who signed the individual bonds. They contend the agreement requires an indemnitor to request the issuance of each bond before that individual indemnitor can be held liable. We find this argument meritless.

Plaintiff issued all the performance and down payment bonds to contractors Blue Rose and Zaidi Homes. The pertinent portion of the indemnity agreement provides:

> WHEREAS, the Contractor . . . may desire, or be required to give or procure certain surety bonds, undertakings or instruments of guarantee, and to renew, or continue or substitute the same from time to time; or new bonds, undertakings or instruments of guarantee with the same or different penalties, and/or conditions,

may be desired or required, in renewal, continuation, extension or substitution thereof; any one or more of which are hereinafter called Bonds; or the Contractor and Indemnitors may request the Surety to refrain from cancelling said Bonds; and

WHEREAS, at the request of the Contractor and the Indemnitors . . . the Surety has executed or procured to be executed, and may from time to time hereafter execute or procure to be executed, said Bonds on behalf of the Contractor.

In looking to the plain language of the agreement, it is clear the contractors and indemnitors agreed plaintiff could issue bonds to the contractor defendants then and in the future. No language requires the indemnitors' consent prior to issuing any future bonds. See Kieffer v. Best Buy, 205 N.J. 213, 223 (2011) (requiring courts to first turn to a contract's plain language when interpreting its meaning).

Any remaining arguments presented by defendants lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0114-17T3